Opinion issued June 27, 2002












In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00664-CV






WILLIAM O. HARRISON, JR., Appellant


V.


CHASE BANK OF TEXAS, N.A., Appellee






On Appeal from the 125th District Court

Harris County, Texas

Trial Court Cause No. 99-25878






O P I N I O N

 The main issue in this case is whether a creditor's claim against a guarantor is
released when the creditor withdraws its claim against the principal. Appellee Chase
Bank of Texas, N.A. withdrew a contract claim from Lighthouse Bar and Grill's
bankruptcy proceeding. The Bank then sued appellant William O. Harrison, Jr., the
guarantor on a promissory note between the Bar and the Bank. Both the Bank and
Harrison moved for summary judgment. The trial court granted the Bank's motion
and denied Harrison's motion. We affirm.

Facts

 In 1996, the Bar signed a note that is now owned by the Bank. Harrison
guaranteed the note. The Bar then defaulted and filed for a chapter 11 reorganization. 
11 U.S.C.S. §§ 1101-1174 (LEXIS 2000). The Bank filed a proof of claim in the
chapter 11 proceeding, but later withdrew it, resulting in a discharge of the debt as to
the Bar. The Bank sought repayment of the note directly from Harrison. When
Harrison refused to repay, the Bank sued.

Procedural Facts

 The trial court rendered summary judgment for the Bank. The Bank's ground
for summary judgment was that Harrison was liable as a guarantor. The court also
denied Harrison's motion for summary judgment. In it, Harrison argued two grounds:
(1) the Bank had released him when it withdrew its claim against the Bar and (2) the
guaranty agreement was ambiguous. In its response, the Bank claimed that, even if
Harrison were not a guarantor, he was an accommodation maker.


Standard of Review

 If both parties file competing motions for summary judgment and one is
granted and the other overruled, the appellate court must consider all issues presented
on appeal, including the propriety of the order overruling the losing party's motion. 
Jones v. City of Houston, 907 S.W.2d 871, 875 (Tex. App.--Houston [1st Dist.]
1995, writ denied). When a trial court's order granting a motion for summary
judgment does not specify the ground or grounds relied on for the order, the summary
judgment will be affirmed on appeal if any of the grounds is meritorious. Rogers v.
Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).

Issues Presented

 Harrison raises four issues. In issue one, he repeats an argument from his
motion for summary judgment, saying that the Bank released him from liability as a
guarantor. Thus, this issue challenges the court's ruling on both motions for summary
judgment. In issues two, three, and four, Harrison challenges the summary judgment
by claiming that: the trial court rendered summary judgment on a ground not stated
in the motion (issue two); he was not in fact an accommodation maker (issue three);
and assuming he was at one time an accommodation maker, he ceased to be one when
the note was extended without his signature (issue four).


Guarantor Liability

 In issue one, Harrison asserts that once a claim against a debtor is discharged,
any claim against the guarantor of the debt is also discharged. We disagree. It is true
that a guarantor's liability on a debt is normally measured by the principal's liability. 
W. Bank Downtown v. Carline, 757 S.W.2d 111, 113 (Tex. App.--Houston [1st Dist.]
1988, writ denied). However, a guarantor may agree to a more extensive or limited
liability. Id.

 Harrison expressly agreed to assume a more extensive liability as a guarantor. 
Numerous provisions in the guaranty agreement impose this extended liability:

 C. Whenever any indebtedness, or any renewal thereof,
guaranteed hereunder shall become due and remain unpaid, the
Guarantors, jointly and severally, will pay, on demand . . . the amount
due thereon to the Lender . . . and it shall not be necessary for the
Lender, in order to enforce such payment by the Guarantors, to first
institute suit or exhaust its remedies against Borrower or others liable on
such indebtedness, or to enforce its rights against any security which
shall have been given the Lender to secure such indebtedness;

 D. Lender may at any time and from time to time . . . settle or
compromise with the Borrower, or any other person primarily or
secondarily liable with the Borrower, the Guaranteed Indebtedness or
any renewal or extension thereof;

 E. No failure, omission or delay on the part of the Lender in
exercising any rights hereunder or in taking any action to collect or
enforce payment of any obligation to which this Guaranty applies or in
enforcing observance or performance of any agreement, covenant, term
or condition to be performed or observed under the Note and/or Security
Instruments, either against the Borrower or any other person primarily
or secondarily liable with the Borrower, shall operate as a waiver of any
such right or in any manner prejudice the rights of Lender against the
Guarantors;

 F. The Guarantors waive any right to require Lender to (1)
proceed against the Borrower, (2) proceed against or exhaust any
security held by Lender for the payment of the Guaranteed Indebtedness,
or (3) pursue any other remedy that Lender has or to which it may be
entitled;

 . . . .

 H. The liability of the Guarantors shall remain and continue in
full force and effect notwithstanding (1) the nonliability of the Borrower
for any reason whatsoever for the payment of the Guaranteed
Indebtedness or any part thereof, (2) the voluntary or involuntary
liquidation, dissolution, sale of all or substantially all of the property
described in the Security Instruments, marshalling [sic] of assets and
liabilities, receivership, insolvency, bankruptcy, assignment for the
benefit of creditors, reorganization, arrangement, composition or
readjustment of, or any similar proceeding affecting, Borrower or any of
its assets, (3) the release of the Borrower from the observance of any of
the agreements, covenants, terms or conditions contained in the Note
and/or Security Instruments by operation of law, or (4) any defenses or
rights of set-off or counterclaim which Borrower may have or assert . .
. .

 In his brief, Harrison does not discuss these portions of the agreement. The
Bank argues that this language binds Harrison as a guarantor despite the Bank's
withdrawal of its proof of claim against the Bar in the chapter 11 proceeding. We
agree with the Bank and hold that the trial court properly rendered summary judgment
on this ground. Because of our disposition of issue one, it is unnecessary to reach the
remaining issues, which present alternate grounds for summary judgment.

Conclusion

 We affirm the judgment of the trial court.



Frank C. Price (1)

Justice


Panel consists of Justices Mirabal, Nuchia, and Price.

Do not publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.